**93–1384.** Musisca v. Massillon Community Hosp. *Stark County,* No. CA–9123. This cause is pending before the court as a discretionary appeal. On December 20, 1994, this court ordered appellants to show cause by January 9, 1995, why this cause should not be dismissed. Appellants filed no response to the order to show cause. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed, effective February 14, 1995.

**95–253.** Foor v. Rockwell Internatl. *Franklin County,* No. 93APD12–1751. Appellant has filed an untimely appeal of the court of appeals' decision entered on December 15, 1994. In that appellant has failed to perfect an appeal pursuant to S.Ct.Prac.R. II(2)(A)(1),

IT IS ORDERED by the court, *sua sponte,* effective February 14, 1995, that this case be, and hereby is, dismissed for lack of jurisdiction.

**95–265.** State v. Meadows. *Hamilton County,* No. C–880518. Appellant has filed an untimely appeal of the court of appeals decision denying his application for delayed reconsideration and a motion for delayed appeal. This appeal involves a civil, post-conviction matter and not an appeal of a felony case to which the provisions for delayed appeal in S.Ct.Prac.R. II(A)(4), apply. Accordingly,

IT IS ORDERED by the court, *sua sponte,* that the motion for delayed appeal be, and hereby is, stricken.

IT IS FURTHER ORDERED by the court, *sua sponte,* effective February 14, 1995, that, in that appellant failed to perfect an appeal pursuant to S.Ct.Prac.R. II(2)(A)(1), this case be, and hereby is, dismissed for lack of jurisdiction.

## MOTION DOCKET

**93–2411.** NCR Corp. v. United States Mineral Products Co. *Montgomery County,* No. 13931. This cause is pending before the court as an appeal from the Court of Appeals for Montgomery County. On February 13, 1995, appellee filed a list of additional authorities pursuant to S.Ct.Prac.R. IX(7). In that appellee's document contains more than a list of citations to the authorities, it does not comply with S.Ct.Prac.R. IX(7). Accordingly,

IT IS ORDERED by the court that appellee's document be, and hereby is, stricken, effective February 14, 1995.

**93–2515.** NCR Corp. v. United States Mineral Products Co. *Montgomery County,* No. 13931. This cause is pending before the court on the certification of conflict by the Court of Appeals for Montgomery County. On February 13, 1995, appellee filed a list of additional authorities pursuant to S.Ct.Prac.R. IX(7). In that appellee's document contains more than a list of citations to the authorities, it does not comply with S.Ct.Prac.R. IX(7). Accordingly,

IT IS ORDERED by the court that appellee's document be, and hereby is, stricken, effective February 14, 1995.

**94–2767.** Gumpl v. Anderson. In Mandamus. This cause originated in this court upon the filing of a complaint for a writ of mandamus. On February 13, 1995, respondent filed a reply memorandum relating to respondent's motion for summary judgment. There being no provision in the Supreme Court Rules of Practice permitting the filing of reply memoranda,

IT IS ORDERED by the court, *sua sponte,* effective February 14, 1995, that respondent's reply memorandum be, and is hereby, stricken.